Jason M. Ayres, WSBA #39141
Tara J. Schleicher, WSBA #26884
**FOSTER GARVEY PC**
1111 Third Avenue, Suite 3000
Seattle, WA 98101
Telephone: (503) 228-3939
Jason.Ayres@foster.com
Tara.Schleicher@foster.com

Keith Ketterling (*pro hac vice*)
Lydia Anderson-Dana (*pro hac vice*)
Madeleine Holmes (*pro hac vice*)
Erin E. Roycroft (*pro hac vice*)
Anuj Shah (*pro hac vice*)
**STOLL STOLL BERNE LOKTING & SHLACHTER, P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
kketterling@stollberne.com
landersondana@stollberne.com
mholmes@stollberne.com
eroycroft@stollberne.com
ashah@stollberne.com

*Counsel for Defendant Columbia Bank*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LI TAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA BANK, formerly known as UMPQUA BANK and successor by merger to COLUMBIA STATE BANK, an Oregon state-chartered commercial bank,<br><br>Defendant. | Case No. 2:26-cv-3831<br><br>DEFENDANT'S NOTICE OF REMOVAL |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF LI TAN AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Columbia Bank ("Columbia") hereby removes this action from the Superior Court of the State of Washington for King County to the United States District Court for the Western District of Washington at Seattle. Columbia removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the following grounds:

**STATEMENT OF JURISDICTION**

1. This court has original jurisdiction over this matter under 28 U.S.C. § 1332(a), which provides that district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and where there is "complete diversity" among the parties. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) ("Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Removal on diversity of citizenship is authorized under 28 U.S.C. § 1441(b).

2. This court also has original jurisdiction over this matter under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which provides that district courts have original jurisdiction over any civil action in which (i) the amount in controversy exceeds $5,000,000; (ii) the putative class consists of at least 100 individuals; and (iii) there is minimal diversity among the parties, *i.e.*, at least one defendant and one plaintiff class member are citizens of different states. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019) ("Unlike the complete diversity of citizenship generally required by § 1332(a), therefore, CAFA requires only minimal diversity." (Internal quotation marks and citation omitted.)). CAFA authorizes removal pursuant to 28 U.S.C. § 1446. As explained below, this action meets all of CAFA's removal requirements and is timely and properly removed by the filing of this Notice.

**BACKGROUND**

3. Plaintiff Li Tan ("Plaintiff") filed a class action complaint ("Complaint") in the Superior Court of Washington for King County, entitled *Li Tan, individually and on behalf of all others similarly situated, v. Columbia Bank, formerly known as Umpqua Bank and successor by merger to Columbia State Bank, an Oregon state-chartered commercial bank*, Case Number 26-2-30596-0 SEA. A copy of

the Complaint is being filed herewith. *See* Class Action Complaint ("Complaint"), filed herewith.

4. Plaintiff also filed a Case Information Cover Sheet and Area Designation, and summons. And the court entered an order setting the case schedule and setting trial for September 20, 2027. A complete copy of the state court proceedings in King County Superior Court Case No. 26-2-30596-0 SEA is being filed herewith. *See generally* Defendant's Verification of State Court Records ("Verification"). Plaintiff filed a declaration of service purporting to show that "Columbia State Bank" was served with process on September 18, 2026. *See* Verification, Ex. E. Plaintiff filed an affidavit of service showing that Columbia Bank was served with process on September 24, 2026. Verification, Ex. G.

5. The Complaint asserts six causes of action: (1) aiding and abetting fraud; (2) aiding and abetting breach of fiduciary duty; (3) violation of the Washington State Securities Act, RCW 21.20.010 and 21.20.430; (4) negligent performance of voluntarily undertaken services; (5) civil conspiracy; and (6) unjust enrichment. *See* Complaint, ¶¶ 117–160.

6. The Complaint defines the putative class as "[a]ll persons and entities who, from October 2018 through September 28, 2023, purchased a security or investment instrument issued by an iCap entity, whose investment consideration was deposited into, transferred through, or held in an account maintained by [Columbia], who suffered a net loss of principal, and who retained the direct claims asserted in this action." Complaint, ¶ 102. The Complaint excludes from the putative class, among others, any persons who "assigned, contributed, or released the direct claims asserted here; the iCap Liquidating Trust and bankruptcy estate." Complaint ¶ 103.

**<u>The iCap Trust Filed Similar Claims Against Columbia in Federal Court</u>**

7. Various iCap creditors filed chapter 11 bankruptcy cases in the United States Bankruptcy Court for the Eastern District of Washington, which cases were later consolidated into Case No. 23-01243-WLH11. The Bankruptcy Court confirmed a liquidation plan and created a liquidating trust ("Trust"). *See In re iCap Enter's, Inc.*, Case No. 23-01243-WLH11, Findings of Fact, Conclusions of Law, and Order Confirming the Second Modified Second Amended Joint Chapter 11 Plan, Dkt. 1414, at 16–17, 56 (Bankr. E.D. Wash. Oct. 18, 2024), filed herewith at Declaration of Erin Roycroft ("Roycroft

Decl."), ¶ 3, Ex. 1 at 16–17, 56. Plaintiff asserts that she is a member of the Trust's Board. Complaint ¶ 53. The Trust filed claims against Columbia on behalf of investors who assigned their claims to the Trust. *See, e.g.*, Amended Complaint, *Miller v. Columbia Bank*, ECF 35, No. 2:25-cv-01870-JLR (W.D. Wash. Jul. 1, 2026), Roycroft Decl. ¶ 4, Ex. 2.

**JURISDICTION PURSUANT TO DIVERSITY OF CITIZENSHIP**

8. 28 U.S.C. § 1332(a) provides that district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and where there is "complete diversity" among the parties. *See Grancare*, 889 F.3d at 548 ("Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant."). Only the citizenship of the named class members is considered for the purpose of analyzing the citizenship of the parties for diversity of citizenship jurisdiction. *See Snyder v. Harris*, 394 U.S. 332, 340 (1969) ("if one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant"); *Koby v. ARS Nat'l Servs., Inc.*, 846 F.3d 1071, 1076 (9th Cir. 2017) (noting that absent class members are not "treated as parties" for diversity jurisdiction).

**Complete Diversity of Citizenship Exists Between the Parties**

9. **Plaintiff Is a Citizen of Washington.** For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Lew & Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). "It is a longstanding principle that '[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary.'" *NewGen, LLC. v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (quoting *Anderson v. Watt*, 138 U.S. 694, 706 (1891)).

10. Here, the Complaint states that Tan is a "resident of Washington." Complaint ¶ 13. Tan is therefore a citizen of Washington.

11. **Columbia is a Citizen of Oregon.** Under traditional diversity principles, corporations are citizens of "every State and foreign state by which it has been incorporated and of the State or

foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "Principal place of business" means the corporate "nerve center" where the corporation's high-level officers direct, control, and coordinate its activities on a day-to-day basis. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93 (2000). A corporation's nerve center is a "single place" and "should normally be the place where the corporation maintains its headquarters." *Id.* at 93. "State banks, usually chartered as corporate bodies by a particular State, ordinarily fit comfortably within [the] prescription" of section 1332(c)(1). *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).

12. Columbia is now, and was at the time this action commenced, a citizen of the state of Oregon within the meaning of 28 U.S.C. § 1332. As confirmed by the judicially noticeable records of the Oregon Division of Financial Regulation and the Federal Deposit Insurance Corporation, Columbia is an Oregon state-chartered bank, with its headquarters in Oregon. *See* Roycroft Decl. ¶¶ 5–6, Exs. 3 and 4.

13. Complete diversity exists because no defendant is from the same state as any plaintiff.

**<u>The Amount in Controversy Exceeds $75,000</u>**

14. The amount in controversy for jurisdictional purposes is determined by the amount of damages. *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333 (1977). "[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence" that the amount in controversy exceeds the jurisdictional threshold. *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1248 (C.D. Cal. 2012). "[I]f a named plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed class members irrespective of the amount in controversy in those claims," *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001).

15. Here, Plaintiff alleges that she invested $1 million in iCap. *See* Complaint ¶ 43 ($500,000 invested in February 2020); *id.* ¶ 46 (another $500,000 invested in August 2020). She further alleges that her entire principal remains unrecovered. *Id.* ¶ 50. Therefore, the facts alleged in the Complaint establish that Plaintiff alleges damages of at least $1 million. That amount exceeds the

jurisdictional threshold for diversity of citizenship purposes.

**JURISDICTION PURSUANT TO CAFA**

16. Section 4 of CAFA sets forth the general rule that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). The jurisdictional rule set forth in 28 U.S.C. § 1332(d)(2) applies only to class actions in which the number of proposed class members, in the aggregate, is 100 or more. *Id.* § 1332(d)(5)(B). Congress intended CAFA jurisdiction to be "interpreted expansively," *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015), and consistent with that intent, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

17. This Court has jurisdiction pursuant to CAFA, and this action may be removed by Columbia pursuant to the provisions of 28 U.S.C. § 1441(a), because the proposed class consists of at least 100 members, the total amount in controversy exceeds $5,000,000, and there is diversity of citizenship between at least one proposed class member and one defendant.

**The Putative Class Exceeds 100 Members**

18. Plaintiff alleges that the proposed class "include[s] hundreds of geographically dispersed investors whose joinder is impracticable." Complaint ¶ 107.

**Minimal Diversity of Citizenship Exists Between the Parties**

19. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C §§ 1332(d)(2)(A). As established above, Plaintiff is a citizen of Washington and Columbia is a citizen of Oregon. *Supra*, ¶¶ 9–12. Therefore, the "minimal diversity" needed for federal jurisdiction under CAFA is satisfied, because the named Plaintiff and Columbia, the sole defendant, are citizens of separate states.

**The Amount in Controversy Exceeds $5 Million**

20. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of

interest and costs." 28 U.S.C. § 1332(d)(6). This includes "damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under feeshifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 793 (9th Cir. 2018). This determination requires courts to "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citation modified). If the amount is not apparent from the face of the complaint, courts may consider allegations in the notice of removal and supporting non-testimonial evidence. *Fritsch*, 899 F.3d at 793 (citation omitted). Congress intended CAFA jurisdiction to apply "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." S. Rep. No. 109-14, at 42 (2005).

21. Columbia denies Plaintiff's allegations of misconduct and intends to defend itself vigorously against all of Plaintiff's causes of action. Without admitting that Plaintiff and/or any member of the putative class can recover any damages, the aggregate amount in controversy presented by the Complaint exceeds $5,000,000 for purposes of removal, as shown below.

22. **Putative Class Statistics.** The total number of iCap investors is alleged to be "more than 1,800." Complaint ¶ 2. Those investors generally fall into two categories: those who assigned to the iCap Trust their direct claims against third parties such as Columbia, and those who did not. The iCap Trust has brought claims on behalf of the former group. *See generally, Miller*, No. 2:25-cv-01870-JLR (W.D. Wash.). Plaintiff here purports only to represent the latter group of non-assigning investors. *See* Complaint ¶¶ 102–03. Plaintiff does not identify exactly how many investors are in the putative class, however the Complaint states that the class includes "hundreds" of investors. Complaint ¶ 107.

23. Columbia can calculate the approximate number of investors in the putative class here based on information alleged in the Complaint and information alleged in the iCap bankruptcy proceeding, *In re iCap Enters.*, No. 23-01243-WLH11 (Bankr. E.D. Wash.). In *In re iCap*, the balloting agent, BMG Group, Inc., filed a declaration regarding the ballots that were returned for creditors'

approval or disapproval of the modified second amended joint Chapter 11 plan of liquidation. *See* Declaration of Brad Daniel of BMC Group Regarding Voting and Tabulation of Ballots, *In re iCap*, No. 23-01243-WLH11, Dkt. 1356 (Bankr. E.D. Wash. Oct. 9, 2024), filed herewith at Roycroft Decl. ¶ 7, Ex. 5. In that declaration, the balloting agent testified that 609 ballots were timely returned from investors, and of those, 488 investors contributed their claims to the Trust.[1] *Id.* at 6 ¶ 14. Subtracting that number of assigning investors (488) from the approximate total number of investors alleged here (1,800), there are approximately 1,312 non-assigning investors who could be members of this putative class.

24. **Value of the Class Claims.** As to the value of those class members' claims, ordinarily in investor suits, a common measure of damages is the investor's principal investment minus any interest or distributions paid to that investor. *See,* RCW 21.20.430(1) (providing that investors may recover "the consideration paid for the security * * * less the amount of any income received on the security"); *see also, e.g., Herrington v. David D. Hawthorne, CPA, P.S.*, 111 Wash. App. 824, 829, 47 P.3d 567, 569, *as amended on denial of reconsideration* (Aug. 13, 2002), *amended on denial of reconsideration sub nom. Herrington v. David Hawthorne, CPA, P.S.*, 53 P.3d 1019 (Wash. Ct. App. 2002) (noting that investors who alleged securities law and civil conspiracy claims sought "the balance of the money they lost by investing in" the fraud).

25. The Complaint is not a model of clarity when it comes to identifying the amount of damages that the class seeks. However, the allegations in the Complaint affirm that the class members seek, at minimum, their principal investment less any payments or distributions received—a calculation referred to as "net loss." For instance, Plaintiff defines the class as those who "suffered a net loss of principal." Complaint ¶ 102. Elsewhere, Plaintiff acknowledges the inevitability of individual inquiries into each class member's "amount invested, payments and distributions received, and resulting net

---

[1] There were 471 investors who returned timely ballots and contributed their claims, and another 17 who returned "late filed but otherwise valid" ballots electing to contribute their claims. Roycroft Decl. ¶ 7, Ex. 5 at 6 ¶ 14. The balloting agent did not distinguish between investors and general unsecured creditors when describing those 471 "voting parties" who contributed their claims, *id.*, but Articles III.B.3 and V.D.14 of the Amended Plan indicate that only investors were asked to contribute their claims, *see In re iCap*, No. 23-01243-WLH11, Dkt. 1360 at 24–25, 40 (Bankr. E.D. Wash. Oct. 9, 2024), filed herewith at Roycroft Decl. ¶ 8, Ex. 6.

principal loss." Complaint ¶ 113. And she asserts that the alleged fraud "induced the Class to purchase iCap securities and caused their losses." Complaint ¶ 119.

26. Here, the class members' approximate net loss can be deduced from both reasonable assumptions that are "founded on the allegations of the complaint," *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (citing *Ibarra*, 775 F.3d at 1198–99), and information about the value of the *assigning* investors' claims in *In re iCap*. Here, Plaintiff alleges that iCap raised approximately $230 million from investors. Complaint ¶ 2. In *In re iCap*, the balloting agent alleged that the 488 assigning investors represented an aggregate total loss of $89,978,219.28.[2] *See* Roycroft Decl. ¶ 7, Ex. 5 at 6 ¶ 14. Subtracting *that* total from the $230 million total investor funds alleged here, Complaint ¶ 2, leaves a total of approximately $140,021,780.72 in investors' lost principal. That amount represents the lost principal of the non-assigning investors. It is reasonable to assume for the purposes of CAFA jurisdiction that the putative class members' net losses of their principal investment here are $140,021,780.72.

27. **Attorneys' Fees.** Plaintiff seeks attorneys' fees in connection with each claim. Complaint ¶¶ 137, 165. Washington law authorizes recovery of attorneys' fees under RCW 21.20.430(1). Attorneys' fees recoverable by statute must be included in the amount in controversy for CAFA purposes. *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927–28 (9th Cir. 2019). Courts in the Ninth Circuit recognize 25% of the projected recovery as the benchmark for reasonable attorneys' fees in common-fund class actions. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

28. Attorney fees at the 25% benchmark of the $140,021,780.72 presumed net loss of principal investment are $35,005,445.18.

29. **Total Aggregate Amount in Controversy.** Based on the foregoing, the aggregate amount in controversy presented by Plaintiff's claims is as follows:

---

[2] This total includes both $87,828.526.21 for the timely ballots and $2,149,693.07 for the "late filed but otherwise valid" ballots. Roycroft Decl. ¶ 7, Ex. 5 at 6, ¶ 14.

| AMOUNT IN CONTROVERSY | |
|---|---|
| Unrecovered Principal | $140,021,780.72 |
| Attorneys' Fees (25% Benchmark) | $35,005,445.18 |
| **Total** | **$175,027,225.90** |

**PROCEDURAL REQUIREMENTS**

30. **Timeliness.** This Notice of Removal is timely under 28 U.S.C. § 1446(b)(2)(B). Pursuant to that rule, a defendant must remove within 30 days of "receipt" or "service" of the initial pleading or summons. Plaintiff purports to have served "Columbia State Bank" on September 18, 2026. Roycroft Decl. ¶ X, Ex. X. Columbia was served with process on September 25, 2026. Roycroft Decl. ¶ 4, Ex. 2. This Notice of Removal is filed within 30 days of September 18, 2026, which is the earliest of those two dates.

31. **Venue.** Venue is proper in the United States District Court for the Western District of Washington because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. §§ 118(c), 1441(a).

32. **Notice to State Court and Plaintiff.** Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that Columbia will promptly serve a copy of this Notice of Removal and all supporting papers on Plaintiff's counsel and file a copy with the Clerk of Court for the Superior Court for the State of Washington in and for the County of King.

33. **No Admission of Liability and Reservation of Defenses.** By removing this action, Columbia does not admit any of the allegations in the Complaint. Indeed, Columbia expressly denies all claims of liability and damages asserted in the Complaint. This removal is made without waiver of any defenses or affirmative defenses, including those provided under Federal Rule of Civil Procedure 12, or Columbia's right to move for dismissal, on substantive or procedural grounds, of any cause of action asserted in the Complaint. *See, e.g., Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) ("Petitioner suggests that by removal of the case to the federal court, objection to jurisdiction over the person of respondent was waived. Our decisions are to the contrary."); *Williams v. Brown Fam. Cmtys.*, No. C-05-1337 JCS, 2005 WL 1651049, at *6 (N.D. Cal. July 12, 2005) (removing to federal court

"before seeking to challenge personal jurisdiction does not constitute a waiver of objections to personal jurisdictional").

**WHEREFORE**, for all of the foregoing reasons, Columbia hereby removes this civil action from the Superior Court of the State of Washington for King County, to the United States District Court for the Western District of Washington. No further proceeding shall take place in the State Court.

Dated: October 8, 2026

Respectfully Submitted,

FOSTER GARVEY PC

By: *<u>/s/ Jason M. Ayres</u>*
Jason M. Ayres, WSBA #39141
Jason.Ayres@foster.com
Tara J. Schleicher, WSBA #26884
Tara.Schleicher@foster.com

1111 Third Avenue, Suite 3000
Seattle, WA 98101
Telephone: (503) 228-3939

Attorneys for Columbia Bank
f/k/a Umpqua Bank

STOLL STOLL BERNE LOKTING &
SHLACHTER, P.C.

By: *<u>/s/ Erin E. Roycroft</u>*
Keith Ketterling (*pro hac vice forthcoming*)
kketterling@stollberne.com
Lydia Anderson-Dana (*pro hac vice forthcoming*)
landersondana@stollberne.com
Madeleine Holmes (*pro hac vice forthcoming*)
mholmes@stollberne.com
Erin E. Roycroft (*pro hac vice forthcoming*)
eroycroft@stollberne.com
Anuj Shah (*pro hac vice forthcoming*)
ashah@stollberne.com

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

Attorneys for Defendant Columbia Bank

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **DEFENDANT'S NOTICE OF REMOVAL** on the following named person(s) on the date and manner indicated below,

[✓ ] By U.S. Mail, contained in a sealed envelope, with postage prepaid, addressed to said person(s) at the last known address of each shown below and deposited in the United States Post Office on said day at Portland, Oregon

[✓] By Electronic Mailing

John Bender
Christan Flowers
Bender Law, PLLC
450 Alaskan Way S, Suite 200
Seattle, WA 98104
206-577-7987
john@bender-law.com
christian.flowers.nw@gmail.com

Dated: October 8, 2026

FOSTER GARVEY PC

By: *<u>/s/ Jason M. Ayres</u>*
Jason M. Ayres, WSBA #39141
Jason.Ayres@foster.com
Tara J. Schleicher, WSBA #26884
Tara.Schleicher@foster.com

1111 Third Avenue, Suite 3000
Seattle, WA 98101
Telephone: (503) 228-3939

Attorneys for Columbia Bank
f/k/a Umpqua Bank

STOLL STOLL BERNE LOKTING &
SHLACHTER, P.C.

By: *<u>/s/ Erin E. Roycroft</u>*
Keith Ketterling (*pro hac vice forthcoming*)
kketterling@stollberne.com

Lydia Anderson-Dana (*pro hac vice forthcoming*)
landersondana@stollberne.com
Madeleine Holmes (*pro hac vice forthcoming*)
mholmes@stollberne.com
Erin E. Roycroft (*pro hac vice forthcoming*)
eroycroft@stollberne.com
Anuj Shah (*pro hac vice forthcoming*)
ashah@stollberne.com

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

Attorneys for Defendant Columbia Bank